UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIAM HANSARD,

  Plaintiff,

v

THE CLEVELAND-CLIFFS IRON
COMPANY and its successor CLIFFS
NATURAL RESOURCES, INC., and THE
BENEFITS CHOICE PROGRAM FOR
SALARIES EMPLOYEES OF CLIFFS,

  Defendants.

Case No. 2:13-cv-72

HON. GORDON J. QUIST

---

Andrew C. Vredenburg (P45359)
Joshua M. Wease (P61653)
FOSTER SWIFT COLLINS & SMITH PC
Attorneys for Plaintiff
1700 East Beltline, N.E.
Suite 200
Grand Rapids, Michigan 49525
(616) 726-2234

Michelle J. Lebeau (P51440)
Mark E. Schmidtke
OGLETREE DEAKINS
Attorneys for Defendants
34977 Woodward Ave., Suite 300
Birmingham, MI 48009
(248) 723-6125

## FIRST AMENDED COMPLAINT

Plaintiff, William Hansard, through his attorneys Foster Swift Collins and Smith, states for his First Amended Complaint against Defendants, Cleveland-Cliffs Iron Company and its successor Cliffs Natural Resources, Inc., and the Benefits Choice Program for Salaried Employees of Cliffs, as follows:

### NATURE OF ACTION AND JURISDICTION

1. This is a civil complaint brought by Plaintiff, William Hansard, ("Plaintiff"), under the Employee Retirement Income Security Act ("ERISA"), §502, 29 U.S.C. 1132, and

federal common law, regarding breach of terms of a welfare benefit plan, equitable and promissory estoppel and breach of fiduciary duties, for the purpose of compelling Defendants to provide health, prescription, vision and dental insurance benefits in amounts and at the coverage levels promised, for an accounting and the recovery of damages, costs and attorney fees incurred as a consequence of Defendant's breaches of their obligation and duties under ERISA as detailed herein.

2. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to ERISA §502(e) and (f), 29 U.S.C. 1132 (e) and (f) and 28 U.S.C. 1331.

3. Plaintiff resides in Marquette, Michigan.

4. Venue properly lies in this District pursuant to ERISA §502(e)(2), 29 U.S.C. 1132(e)(2).

## PARTIES AND GENERAL ALLEGATIONS

5. Plaintiff was a participant, as defined by ERISA §3(7), 29 U.S.C. 1002, in the Defendants, "Cliffs and Associated Employers Salaried Employees Flexible Benefit Program" (hereafter identified as the "Flex Plan"), provided by Defendant to its eligible employees, including Plaintiff, by virtue of his employment with Empire Iron Mining Partnership.

6. Plaintiff and his spouse were provided by Defendant welfare benefits, including but not limited to medical, prescription, vision and dental care coverage pursuant to the Flex Plan while employed by Defendants affiliate and participating company Empire Iron Mining Partnership and following his retirement on February 28, 2002 due to a "permanent incapacity retirement". (Letter dated May 3, 2002 attached as Exhibit 1)

7. Although welfare benefits were provided to Plaintiff under the Flex Plan, the Defendants identified the plan as the "Benefits Medical Choice Program" in the May 3, 2002 letter approving Plaintiff's retirement. (Exhibit 1)

8. According to the Defendant, the renaming of the Flex Plan to the Benefits Choice Medical Program occurred before Plaintiff's retirement in 2002; however, the Flex Plan's Summary Plan Document (SPD) was still in effect at the time of Plaintiff's retirement on February 28, 2002.

9. During Plaintiffs retirement, the Flex Plan was further revised and renamed the "Benefits Choice Program for Salaried Employees of Cliffs Natural Resources, Inc. and Associated Employers" (the "Choice Plan").

10. The Plaintiff has been a participant as defined by ERISA §3(7), 29 U.S.C. 1002, in the Defendants Choice Plan since it replaced the Flex Plan.

11. Cliffs Natural Resources Inc. or Cleveland-Cliffs Iron Company is the plan sponsor and the plan administrator of the Choice Plan applicable to Plaintiff.

12. At all times, the Choice Plan was a welfare benefit plans within the meaning of ERISA §3(1), 29 U.S.C. 1002(1), sponsored by Cliffs Natural Resources Inc. or Cleveland-Cliffs Iron Company. The Choice Plan is named herein as a necessary party for the relief requested.

13. At all relevant times, Defendants were the fiduciaries of the Choice Plan within the meaning of ERISA §3(21), 29 U.S.C. 1002(21), in that Defendants acted as plan administrator and as claims fiduciary for the Choice Plan and exercised authority and control over the payment of welfare insurance benefits, which are the assets of the plan.

3

14. The terms of the Flex Plan regarding "Termination," that applied to Plaintiff when he retired, contains conflicting explanations of benefits a retiree is entitled when compared to what benefits the Defendant claims Plaintiff was entitled too upon his retirement.

15. Defendants' May 3, 2002 letter informing Plaintiff of his approved coverage under the Flex Plan (described as the Benefits Choice Medical Program in the letter) is not inconsistent with the terms of a "Retiree Plan" provided by the Defendant to retired employees, which states that a retiree may waive coverage under the Retiree Plan if they are covered by another employer's health plan, which could be the Flex Plan approved by the Defendant for the Plaintiff upon his retirement. (Retiree Plan SPD at 80 attached as Exhibit 2).

16. Plaintiff continued to receive welfare benefits upon his retirement under the Flex Plan and subsequently under the Choice Plan when the Flex Plan was revised.

17. After ten years of providing welfare benefits to Plaintiff and his spouse, Defendants determined that Plaintiff's coverage under the Choice Plan was an error and terminated Plaintiff's coverage on February 29, 2012. (Letter dated February 7, 2012 attached as Exhibit 3).

18. The applicable Choice Plan requires that participants of employer plans subject to ERISA, must file a Level 1 appeal prior to bringing a civil action under 29 USC 1132 (ERISA 502(a). (SPD, 31).

19. Plaintiff properly appealed the denial of benefits according to the appeal procedures stated in the Choice Plan (SPD at p 29, attached as Exhibit 4).

20. Plaintiff's Level 1 appeal was denied on January 3, 2013.

21. Plaintiff files this suit within 180 days of his denial of his Level 1 appeal per the terms of the Choice Plan (SPD at p 31, attached as Exhibit 4).

22. This Court's standard of review of Defendants' denial of benefits and termination of coverage is de novo because the Choice Plan documents do not give Defendants discretionary authority to determine termination of participants compared to other portions of the entire benefits package where explicit discretion is dictated.

## COUNT I

### Claim for Benefits Pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) against Defendants

23. Plaintiff incorporates paragraphs 1 through 22 above as if fully restated herein.

24. ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) permits a plan participant to bring a civil action to recover benefits due to him under the terms of a plan, to enforce his rights under the terms of a plan and/or to clarify his rights to future benefits under the terms of the plan.

25. Defendant provided Plaintiff and his spouse with health and welfare benefits under the Flex Plan upon Plaintiff's retirement and thereafter provided Plaintiff health and welfare benefits under the Choice Plan.

26. Defendant wrongfully terminated Plaintiff's and his spouses health and welfare benefits provided under the Choice Plan.

27. Failure to provide and pay health and welfare benefits for Plaintiff and his spouse as described above are in direct violation of the terms of the Choice Plan.

28. The termination of Plaintiff's coverage under the Choice Plan as described above is a breach of the terms and provisions of the originally provided Flex Plan and subsequently provided Choice Plan.

29. In addition, the Choice Plan has failed to properly and thoroughly investigate Plaintiff's claim in the manner required by ERISA's fiduciary and claims procedure requirements.

WHEREAS, Plaintiff requests that his Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) and 28 U.S.C. 2201, declaring that Plaintiff and his spouse are entitled to the group employee benefits in the proper amounts as provided for in the Choice Plan, order Defendants to reinstate the Choice Plan for Plaintiff and his spouse retroactive to February 29, 2012, and declare that Defendants' have violated the Choice Plan and its fiduciary duties by failing to provide and pay these benefits;

B. Order Defendants to pay Plaintiff the reasonable attorney fees and costs incurred pursuant to ERISA 502(g)(1), 29 U.S.C. 1132 (g)(1);

C. Award the Plaintiff damages including, but not limited to, surcharges and reimbursement for any costs, co-pays, medical payments, and/or expenses incurred in obtaining alternative welfare and medical care benefit coverage as a result of Defendant's wrongful termination of the Choice Plan; and

D. Such other relief as may be just and appropriate.

## COUNT II

**Equitable or Promissory Estoppel Under ERISA 502(a)(3), 29 U.S.C. 1132(a)(3)**

30. Plaintiff incorporates paragraphs 1 through 29 above as if fully restated herein.

31. Defendants should be estopped from denying and terminating Plaintiff's welfare and medical benefits under the Choice Plan.

32. The elements of an equitable or promissory estoppel claim are as follows:

   a. Conduct or language amounting to a representation or promise of a material fact;

   b. Awareness of the true facts by the party to be estopped;

   c. An intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended;

   d. That the party asserting estoppel is unaware of the true facts; and

   f. Detrimental and justifiable reliance by the party asserting estoppel on the representation or promise.

33. Defendants represented and promised material facts when it sent Plaintiff a letter on May 3, 2002 stating that he was eligible for welfare benefits including but not limited to medical, prescription, vision and dental care coverage under the Flex Plan (subsequently amended into the Choice Plan) due to his "permanent incapacity retirement." (Exhibit 1)

34. Defendants also represented to Plaintiff that he and his spouse were eligible for coverage under the Choice Plan during his retirement by allowing Plaintiff to receive benefits under the Choice Plan for ten years.

35. Defendants, by having the Choice Plan SPD documents in its possession, knew of the true facts of Plaintiff's eligibility for coverage under the Choice Plan SPD. The SPD states: "Eligible Employee means a full-time salaried employee of Cliffs Natural Resources Inc. and Associated Employers or a participating employing company" (SPD at p 115, Exhibit 4). Then, it further states: "Cliffs and Associated Employers determines who is eligible to enroll under the Plan." (Exhibit 4).

36. Defendants' intended Plaintiff to rely on Defendant's representation that Plaintiff was eligible for welfare benefits under the Choice Plan during his retirement based on (1) the Defendants May 3, 2002 correspondence to Plaintiff, (2) ten years of approvals for each and every claim Plaintiff submitted for payment under the Choice Plan; and (3) representations made by Defendants representatives to Plaintiff on at least two separate occasions when Plaintiff inquired about continued welfare benefits provided under the Choice Plan during his retirement and for his lifetime, the first representation being made in 2005 after Plaintiff underwent some surgical procedures covered by the Choice Plan and the second representation being made in 2011 before Plaintiff's wife agreed to an early retirement package offered by her employer that

terminated insurance coverage for her and Plaintiff similar to the Choice Plan offered by her employer that would have continued if she remained employed.

37. Plaintiff was unaware of his alleged ineligibility for the Choice Plan because (1) a review of the terms of the applicable benefit plans are ambiguous, (2) he had written notice from Defendants that he was eligible for the Choice Plan, (3) he had received benefits from the Choice Plan for ten years and (4) Defendants' letter stating Plaintiff was eligible for the Flex Plan welfare benefits (referred to as the Benefits Choice Medical program in the letter and subsequently changed to the Choice Plan) was consistent with Plaintiff's reading of the Flex Plan SPD provisions under "Termination of Insurance" applicable at the time of his retirement which provides that Plaintiff was still eligible for the Core and Supplemental Medical Coverage during his retirement under the Flex Plan and its successor Choice Plan. (Exhibit 5).

38. Plaintiff has justifiably and detrimentally relied on Defendants' statements and representations by (1) waiving insurance from other providers, and (2) requesting and receiving verbal confirmation from Defendants that he was eligible for coverage and welfare benefits for life under the Choice Plan before terminating other insurance coverage available to him and his spouse.

39. The Flex Plan terms, applicable at the time of Plaintiffs retirement, are ambiguous as to who is eligible to participate because it contains confusing explanations about the "Core Medical Option" coverage and "Supplemental Medial Option" coverage. The SPD explains under the heading "Termination of Insurance," that "Any health benefit bank credits the participant has available at retirement may be used following retirement as long as the participant remains covered under the Core Medical Plan Option following retirement." (SPD at page 101, Exhibit 5).

40.     The Flex Plan applicable at the time of Plaintiffs retirement creates a further ambiguity as to which plan would apply to Plaintiff upon retirement by stating under that same heading of "Termination of Insurance" that retirees are eligible for the "Core Medical Plan Option" coverage and may also purchase the "Supplemental Medical Plan Option" coverage under the Flex Plan. Both the Core Medical Plan Option and Supplemental Medical Plan are described and explained at page 15 of the Flex Plan SPD. (Exhibit 5).

41.     The Flex Plan terms are ambiguous because a person would not be able to understand and discover whether coverage was improper when reviewing the Flex Plan terms and comparing it to the terms of the Benefits Program for Salaried Retirees and Surviving Spouses ("Retiree Plan"), the plan Defendants claim should have been provided to Plaintiff upon his retirement, in light of the employer's written statement that a participant in Plaintiff's situation was entitled to coverage under the Flex Plan as well.

42.     As a result of Defendants' conduct, Defendants are equitably estopped from terminating Plaintiff's participation in the Choice Plan, the successor plan to the Flex Plan, under which Plaintiff and his spouse have been receiving welfare benefits for the past 10 years.

WHEREAS, Plaintiff requests that his Honorable Court grant the following relief:

A.  A declaratory judgment pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) and 28 U.S.C. 2201 and equitable relief under ERISA 502(a)(3), 29 U.S.C. 1132(a)(3) and 28 U.S.C. 2201, declaring that Plaintiff and his spouse are entitled to the group employee benefits in the proper amounts as provided for in the Choice Plan, order Defendants to reinstate the Choice Plan for Plaintiff and his spouse retroactive to February 29, 2012, and declare that Defendants' have violated the Choice Plan and its fiduciary duties by failing to provide and pay these benefits;

B.  Order Defendants to pay Plaintiff the reasonable attorney fees and costs incurred pursuant to ERISA 502(g)(1), 29 U.S.C. 1132 (g)(1);

C.  Award the Plaintiff damages including, but not limited to, surcharges and reimbursement for any costs, co-pays, medical payments, and/or expenses incurred in obtaining

alternative welfare and medical care benefit coverage as a result of Defendants wrongful termination of the Choice Plan; and

D. Such other relief as may be just and appropriate.

### COUNT III

### Action Under ERISA 502(a)(3), 29 U.S.C. 1132(a)(3), to Remedy Breach of Fiduciary Duty

43. Plaintiff incorporates paragraphs 1 through 42 above as if fully restated herein.

44. ERISA 502(a)(3), 29 U.S.C. 1132(a)(3) permits a plan participant to bring a civil action to obtain other appropriate equitable relief.

45. Pursuant to ERISA 404(a), 29 U.S.C. 1104(a), as fiduciary with respect to the Choice Plan, Defendants have and had a duty to discharge its duties with respect to the Plan solely in the interest of the Choice Plan participants and their beneficiaries, and

   a. For the exclusive purpose of providing benefits to Choice Plan participants and their beneficiaries and defraying reasonable expense of administering the Choice Plan;

   b. With the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with the like aims; and

   c. In accordance with the Choice Plan documents and instruments insofar as such documents and instruments are consistent with the provisions of Titles I and IV of ERISA.

46. Plaintiff justifiably and detrimentally relied on Defendants' representations and the ten years of coverage when he terminated other insurance coverage available to him and his spouse as alleged above.

47. Defendants' actions in terminating and discontinuing Plaintiff's benefits under the Choice Plan and in refusing to reinstate Plaintiff's benefits and provide an accurate accounting of his benefits were in violation of each and every one of its fiduciary rights as set forth above.

WHEREAS, Plaintiff requests that his Honorable Court grant the following relief:

A. A declaratory judgment pursuant to ERISA 502(a)(1)(B), 29 U.S.C. 1132(a)(1)(B) and 28 U.S.C. 2201 and equitable relief under ERISA 502(a)(3), 29 U.S.C. 1132(a)(3), and 28 U.S.C. 2201, declaring that Plaintiff and his spouse are entitled to the group employee benefits in the proper amounts as provided for in the Choice Plan, order Defendants to reinstate the Choice Plan for Plaintiff and his spouse retroactive to February 29, 2012, and declare that Defendants' have violated the Choice Plan and its fiduciary duties by failing to provide and pay these benefits;

B. Order Defendants to pay Plaintiff the reasonable attorney fees and costs incurred pursuant to ERISA 502(g)(1), 29 U.S.C. 1132 (g)(1);

C. Award the Plaintiff damages including, but not limited to, surcharges and reimbursement for any costs, co-pays, medical payments and/or expenses incurred in obtaining alternative welfare and medical care benefit coverage as a result of Defendants wrongful termination of the Choice Plan; and

D. Such other relief as may be just and appropriate.

Dated: June 7, 2013

/s/ Andrew C. Vredenburg
Andrew C. Vredenburg (P45359)
Joshua M. Wease (P61653)
FOSTER SWIFT COLLINS AND SMITH
Attorney for Plaintiff
1700 E. Beltline NE, Suite 200
Grand Rapids, MI 49525
(616) 726-2234

80888:00001:1627115-1